IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 11-0244

| | | | |
|---|---|---|---|
| IN RE PETITION TO ADOPT AMENDED RULES | ) | | FILED |
| FOR ADMISSION TO THE BAR OF MONTANA | ) | O R D E R | JAN 3 0 2013 |
| | ) | | *Ed Smith* |

CLERK OF THE SUPREME COURT
STATE OF MONTANA

Pursuant to Article VII, section 2 of the Montana Constitution, the Montana Supreme Court holds the authority to establish rules for admission to the Bar of the State of Montana. To fully implement the Uniform Bar Examination (UBE) as adopted by the Court in its Order dated July 3, 2012, two sets of rules require modification -- the Rules for Admission to the Bar of Montana and the Montana Board of Bar Examiners' Rules. At the Court's request, the Board of Bar Examiners has submitted proposed changes to both of those sets of rules.

The changes proposed to the Rules for Admission to the Bar of Montana relate principally to the creation and implementation of a Montana law educational component as part of the Montana bar examination, elimination of four Montana essay questions, and the increased passing score. The Board's proposed amended rules also include some clean-up of language in existing provisions.

The Court having reviewed the changes to the Rules for Admission to the Bar of Montana as proposed by the Board,

IT IS HEREBY ORDERED that the rule changes proposed by the Board are ADOPTED. The Rules for Admission to the Bar of Montana are amended to read as shown in the attachment to this Order.

The Clerk is directed to provide copies of this order and the attached Rules to the Chair and each member of the Board of Bar Examiners; Marie Connolly, administrator of the Montana Bar Examination; Thomson Reuters; Todd Everts at the Montana Legislative Services Division; and Dean Irma Russell at the University of Montana School of Law.

DATED this 30 day of January, 2013.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

2

# RULES FOR ADMISSION TO THE BAR OF MONTANA

I. Application Process
II. Commission on Character and Fitness
III. Board of Bar Examiners and Examination Requirements
IV. *Pro Hac Vice*
V. Records and Confidentiality
VI. Admission Ceremony
VII. Administration

## I. APPLICATION PROCESS

The Montana Commission on Character and Fitness requires all applicants to prepare their applications electronically using the National Conference of Bar Examiners' (NCBE) online application process. Prior versions of the application will not be accepted. The NCBE Application for Montana must be completed online, printed, and postmarked by the application filing deadline. In addition to completing the online application requirements and paying the application fees to the NCBE, applicants must mail to State Bar of Montana Admissions, postmarked by the application filing deadline, a signed original Application, the Montana Application Cover Sheet, and all documents required on the Application Checklist with the Montana application fee. The application fees charged by the NCBE are separate from, and in addition to, the application fees payable to the State Bar of Montana.

### A. Deadlines for Filing Applications for Examination

For the July examination, the deadline is March 15. For the February examination, the deadline is October 1. Applications must be postmarked or hand-delivered to the Bar Admissions Administrator on or before the stated deadline. Late applications will not be accepted. If the Montana Supreme Court grants a petition for late application, a late filing fee will be charged in addition to the application fee.

### B. Classification

1. A **student applicant** is an applicant who has never held a license to

practice law. At the time of taking the Montana Bar Examination, a student applicant must have a Juris Doctor or equivalent degree from a law school accredited by the American Bar Association at the time of graduation. An L.L.M. degree is not considered the equivalent of a Juris Doctor degree.

2.    An **attorney applicant** is an applicant with a Juris Doctor or equivalent degree from a law school accredited by the American Bar Association at the time of graduation, and who is admitted to practice law in another state, district, or territory of the United States. An L.L.M. degree is not considered the equivalent of a Juris Doctor degree.

3.    A **resigned applicant** is an applicant who was previously a member of the State Bar of Montana but resigned his or her membership. To apply for reinstatement, resigned members must petition the Montana Supreme Court and may be required to submit to a character and fitness investigation, supply the supporting documentation, and pay the application fee. Unless otherwise ordered by the Montana Supreme Court, resigned members will not be required to sit for any portion of the bar examination.

## C.    Supporting Documents

An applicant shall submit the supporting documents identified on the Admissions Checklist.

## D.    Admission by Transfer of Uniform Bar Examination Score; Eligibility

1.    An applicant who has taken the Uniform Bar Examination in another jurisdiction and who meets the requirements of (a) through (g) of this paragraph may be admitted to the practice of law in this jurisdiction. The applicant shall:

a.  have achieved a scaled score on the Uniform Bar Examination that is equal to or greater than 270 and that was earned within three years prior to the date of the application for admission;

b.  hold a Juris Doctor degree from a law school approved by the Council of the Section of Legal Education and Admissions to the Bar of the

4

American Bar Association at the time of graduation;

    c. submit evidence of a score of 80 or higher on the Multistate Professional Responsibility Examination that was earned within three years prior to the date of the application for admission;

    d. establish that the applicant is currently a member in good standing in every jurisdiction in which the applicant is admitted to practice law. If the applicant is not presently in good standing, establish that the applicant resigned in good standing or is capable of achieving good standing;

    e. establish that the applicant is not currently subject to lawyer discipline or the subject of a pending disciplinary matter in any other jurisdiction;

    f. establish that the applicant has been certified by the Commission on Character and Fitness to practice law in this jurisdiction; and

    g. submit evidence of successful completion of the Montana Law Seminar described in paragraph (F) of this rule.

2. For the purpose of paragraph (D)(1)(a) of this rule, a score is considered to have been earned on the date of administration of the Uniform Bar Examination that resulted in the score.

3. An applicant who failed to earn the minimum acceptable score established by the Board of Bar Examiners within three attempts, regardless of where the Uniform Bar Examination was taken, shall not be eligible for admission by transfer of a Uniform Bar Examination score under this paragraph.

4. Before being admitted by transfer of a Uniform Bar Examination score, the applicant must complete the Montana Law Seminar, the content and method of delivery of which shall be approved by the Supreme Court. See paragraph (F) below.

**E.**    **Admission by Transfer of Uniform Bar Examination Score; Process**

Any applicant seeking admission to the practice of law based on transfer of a Uniform Bar Examination score must:

1. meet the eligibility requirements for admission set forth in paragraph (D);

2. file an application for admission by transfer of a Uniform Bar Examination score, including all required supporting documents, as described above;

3. provide proof of attendance at the Montana Law Seminar described in paragraph (F); and

4. pay the application fee as established by the Court.

## F. Completion of Montana Law Seminar

Before being admitted to the practice of law in Montana, all applicants must complete the Montana Law Seminar (MLS). The MLS is given the day following each February and July bar examination at the site of the bar examination. The content and delivery of the seminar program shall be developed by the Board of Bar Examiners and approved by the Supreme Court.

## II. COMMISSION ON CHARACTER AND FITNESS

### A. Composition, Nomination, and Appointment

The Commission on Character and Fitness shall be appointed by the Montana Supreme Court and shall consist of nine members, six of whom must be licensed Montana attorneys and three of whom must be lay members, nominated by either the State Bar or the Montana Supreme Court. The term of office of each member shall be until a successor is appointed.

### B. Duties

The Commission on Character and Fitness shall process each application and make a determination of the character and fitness of each applicant pursuant to the *Rules of Procedure of the Commission on Character and Fitness*, which are included in the Admissions Packet.

## III. BOARD OF BAR EXAMINERS AND EXAMINATION REQUIREMENTS

### A. Composition, Nomination, and Appointment

The Board shall be appointed by the Montana Supreme Court and shall consist of

seven members. The term of office of each member shall be until a successor is appointed.

**B.    Duties**

The Board shall conduct the bar examination, grade the examinations, and determine which applicants have passed and which have failed. The Board shall administer the Uniform Bar Examination (UBE), consisting of the Multistate Essay Examination (MEE), the Multistate Performance Test (MPT), and the Multistate Bar Examination (MBE). The Board may engage the services of active members of the State Bar of Montana to grade the examination if necessary to augment the grading performed by members of the Board of Bar Examiners.

**C.    Admission by Examination Requirements**

Unless waived by the Montana Supreme Court, all applicants by examination are required to sit for the UBE, which consists of the MEE, the MPT, and the MBE:

**1.    The Multistate Essay Examination (MEE)**

A three-hour essay examination consisting of six questions developed by the NCBE.

**2.    The Multistate Performance Test (MPT)**

A three-hour examination developed by the NCBE consisting of two questions designed to test an applicant's ability to use fundamental lawyering skills in a realistic situation.

**3.    The Multistate Bar Examination (MBE)**

A six-hour multiple-choice examination developed by the NCBE. This portion of the test is graded by the NCBE in accord with NCBE-established rules and procedures.

**D.    The Multistate Professional Responsibility Examination (MPRE)**

The MPRE is offered three times a year nationwide. Successfully passing the MPRE is not a condition precedent to taking the Montana Bar Examination, but is a condition of admission to the Bar. Registration for the MPRE is through the NCBE. An applicant bears sole responsibility for having the applicant's MPRE

score certified to the Bar Admissions Administrator. A qualifying score must be certified to the Bar Admissions Administrator no later than nine (9) months after notification of successful completion of the Montana Bar Examination.

**E.     Transferring Scores Obtained on Earlier Examinations**

1.     Beginning with the July 2013 Montana Bar Examination, a Montana Bar applicant's score on the UBE earned in another jurisdiction may be accepted and considered valid for a period of three years from the administration of the exam in which the score was earned. UBE scores must be certified by the NCBE to the Montana Bar Admissions Administrator with a minimum passing combined scaled score of 270. Examinees who wish to have their certified UBE scores transferred to other jurisdictions must submit a request to NCBE for an official score transcript and meet all other requirements set forth in Section I, paragraphs (D), (E), and (F).

2.     The UBE requires that all components of the exam be administered in a single exam cycle. Therefore, MEE, MPT, and MBE scores may not be transferred from another jurisdiction or be carried forward to a future administration of the Montana Bar Examination.

3.     To qualify for admission, an applicant must obtain a MPRE scaled score of 80 or higher from any testing site within three years prior to taking the Montana Bar Examination or no later than nine months after notification of successful completion of the Montana Bar Examination.

**F.     Fees**

The Bar Admissions Administrator shall collect all examination fees except for the MPRE fee and the Character and Fitness Application fee, which are paid directly to the NCBE. Examination fees are nonrefundable. Application and examination fees shall be set by the Montana Supreme Court.

**G.     Registration**

Prior to the examination, the Bar Admissions Administrator shall assign each

applicant a number that will uniquely identify the applicant throughout the examination process. The coding for the assigned identification numbers is strictly confidential and, prior to the final decision and report to the Supreme Court by the Board of Bar Examiners, may not be provided to anyone other than the Bar Admissions Administrator and authorized staff.

## H. Date of Examinations

A two-day Bar Examination will be administered twice each year, once in July and once in February. The MBE must be administered on the last Wednesday of the month, preceded by the MEE and MPT on Tuesday.

## I. Completion of Montana Law Seminar

Before being admitted to the practice of law in Montana, all applicants must complete the Montana Law Seminar (MLS). The MLS is given the day following each February and July bar examination at the site of the bar examination. The content and delivery of the seminar program shall be developed by the Board of Bar Examiners and approved by the Supreme Court.

## J. Notification of Results

1. The Board of Bar Examiners shall file a report of the examination results with the Bar Admissions Administrator. The Bar Admissions Administrator shall notify the applicants of the results by mail.

2. Five days following written notification to the applicants, the Bar Admissions Administrator shall file the report of the Board of Bar Examiners of the results of the examination with the Clerk of the Supreme Court.

3. Upon completion of the entire examination process, including the MPRE, the Bar Admissions Administrator shall notify the Clerk of the Supreme Court in writing of the names and addresses of the applicants to be admitted.

## K. Post-Examination Review

Board of Bar Examiners' pass/fail decisions are final and not subject to additional

substantive review once the report is filed with the Bar Admissions Administrator. Successful applicants may not review their examination results. Access to the MEE, MPT, and MBE examinations, point sheets and/or analysis are governed by the policies set by the NCBE. MBE test result scores may be released to the applicant only upon the applicant's written request to the State Bar of Montana. In the event the NCBE permits an unsuccessful applicant to review his or her own MEE examination results for purposes of preparing for reexamination, such review must be scheduled within 60 days after the pass/fail report is filed with the Bar Admissions Administrator.

## L.    Limitation on Examinations

An applicant who has been unsuccessful in three attempts at the Montana Bar Examination must petition and be given permission by the Montana Supreme Court before sitting for the examination again. The petition to the Court shall include a study plan and an explanation of the steps taken and to be taken by the applicant to improve his or her chances of successful completion of the examination.

## M.    Reexamination and Deferral

An applicant's failure to appear for examination without first requesting a deferral in writing will result in the application being dismissed. The applicant must file a new application and pay the application filing fee for any subsequent application.

An applicant who, after filing an application for admission, finds that the applicant is unable to take the examination on the prescribed date or continue with the process in a timely manner may submit to the Bar Admissions Administrator a written request for deferral to the next examination.

An applicant applying for deferral shall pay a fee and file an *Addendum to Application* no later than 30 days prior to examination. Applicants applying for reexamination shall file the *Addendum to Application* within 30 days of notification of failing the examination. Applicants applying for reexamination

10

shall be subject to regular examination fees.

If an applicant, after requesting a deferral or failing the examination, fails to file an *Addendum to Application* in a timely fashion, the application will be dismissed by the Bar Admissions Administrator. Written notice of the dismissal will be provided to the applicant. The applicant must file a new application and pay the application filing fee for any subsequent application.

After three deferrals, an applicant must submit a new application and pay the application filing fee.

## IV. *PRO HAC VICE*

**A.** Upon written application, an attorney who is not admitted to practice law in the state courts of Montana and who is at the time admitted and authorized to practice law in the highest court of another state may appear *pro hac vice* in any action or proceeding, if an attorney admitted to practice in the courts of Montana is associated as attorney of record.

**B.** An attorney may not appear *pro hac vice* under this section if the attorney is a resident of Montana, is regularly employed in Montana, or is regularly engaged in the practice of law or in substantial business or professional activities in Montana, unless the attorney has an application for admission pending with the Bar Admissions Administrator of the State Bar of Montana.

**C.** Except upon a showing of good cause, no attorney or firm may appear *pro hac vice* in more than two actions or proceedings in any state court or administrative agency in Montana. Upon an attorney or firm's second appearance *pro hac vice*, no further *pro hac vice* appearances are permitted except upon a showing of good cause. Findings of good cause to exceed the two-appearance limit are not to be routinely granted. For purposes of this rule, "good cause" includes, by way of example only, a showing that the attorney or firm seeking to appear *pro hac vice* possesses experience or expertise not commonly available in the membership of the State Bar of Montana or where the attorney or firm is

11

acting as counsel in a multi-state class action. (For purposes of this rule, only those appearances made after November 17, 1998, shall be considered.)

**D.** Applications for *pro hac vice* must be obtained from the State Bar of Montana. The application form will require that the applicant provide the following information:

    1.    the applicant's residence and office addresses;

    2.    the state and federal courts to which the applicant has been admitted to practice and the dates of admission;

    3.    whether the applicant is a member in good standing in those courts;

    4.    whether the applicant is currently suspended or disbarred in any court and, if so, a description of the circumstances under which the suspension or disbarment occurred;

    5.    whether the applicant has been formally notified of any complaints pending before a disciplinary agency in any other jurisdiction and, if so, a description of the nature and status of any pending disciplinary complaints;

    6.    an identification of all law firms with which the applicant is associated and a description of all pending *pro hac vice* appearances of the applicant's firm(s) in Montana;

    7.    the title of each state court and cause in which the applicant has filed an application to appear as counsel *pro hac vice*, the date of each application, and whether it was granted;

    8.    the name, address, and telephone number of the active member of the State Bar of Montana who is the attorney of record;

    9.    an affirmation that the applicant will comply with the applicable statutes, law, and procedural rules of the state of Montana; be familiar with and comply with the Montana Rules of Professional Conduct; and submit to the jurisdiction of the Montana courts, the Montana disciplinary process, and the State Bar of Montana with respect to acts and omissions occurring during appearances under this rule; and

10. whether payment has been made to the State Bar of Montana in accordance with the requirements of Section IV(D) of these rules.

The completed application, along with a fee equal to the amount paid annually by active members of the Montana Bar, must be filed with the State Bar of Montana. The application will then be reviewed by the State Bar of Montana, which shall certify the number of prior appearances the applicant has been granted under Section IV(C), whether or not the applicant has provided the requisite information, whether or not the applicant is in good standing in the other jurisdiction(s) where admitted, and whether or not Montana counsel is in good standing. Upon certification, the State Bar shall forward the application to the appropriate court or agency. The court or agency shall enter an order granting or refusing the application and, if the applicant is refused, the court or agency shall state its reasons. Copies of the court's order shall be mailed to the applicant, counsel of record, and the State Bar of Montana. The State Bar of Montana shall maintain a record of all *pro hac vice* applications as a public record. Attorneys appearing *pro hac vice* shall notify the State Bar of Montana upon conclusion of the matter in which the attorney appeared.

E.    An attorney appearing *pro hac vice* under this section is subject to the jurisdiction of the Montana courts with respect to Montana law governing the conduct of attorneys to the same extent as an attorney admitted to practice in the courts of this state. The attorney shall comply with the Montana Rules of Professional Conduct and is subject to the disciplinary jurisdiction of the Montana Supreme Court. The court or agency in which an attorney is appearing *pro hac vice* or the Montana Supreme Court may, for violations of Montana law, the Montana Rules of Professional Conduct, Rules for Admission to the Bar of Montana, or orders of the court, withdraw its permission for an attorney to appear *pro hac vice*.

F.    Montana attorneys of record shall sign all pleadings, motions, and briefs and participate actively in all phases of the case, including, but not limited to,

attendance at depositions and court or agency proceedings, preparation of discovery responses and briefs, and all other activities necessary to be prepared to go forward with the case at all times. A district court or agency, upon motion by local counsel, may waive this rule based upon a showing of extraordinary circumstances. Upon waiver of the rule by the district court or agency, all papers subsequently filed shall be signed by counsel actively involved in the case. Such a waiver is not to be routinely granted.

G.     Attorneys admitted *pro hac vice* will continue to pay annual dues and fees each year for the term of the Montana litigation or until such time that the State Bar of Montana is advised that the attorney has withdrawn from representation. However, for a lawyer who is appearing pro bono as defined under Rule 6.1 of the Rules of Professional Conduct, the *pro hac vice* fee shall be a one-time-only fee equal to the amount paid annually by active members of the Montana Bar.

## V.     RECORDS AND CONFIDENTIALITY

Bar admission application files are confidential and only the Montana Supreme Court, the Bar Admissions Administrator, and the Commission on Character and Fitness may have access to information in the files, unless release through written authorization is granted by an applicant or subject to limitations set forth in the Character and Fitness Rules of Procedure.

An application file must be maintained for at least five years after which, if no litigation is pending concerning the application, the file may be destroyed.

Bar examination materials must be retained for two years after which, if no litigation is pending, they must be destroyed.

## VI.     ADMISSION CEREMONY

The Clerk of the Montana Supreme Court shall notify the successful applicants, in writing, of the time, date, and place of the admission ceremony.

An applicant must appear for admission within six months after successfully

meeting the requirements for admission to the State Bar of Montana. On motion by the applicant, the Montana Supreme Court may extend the time for appearance.

Each attorney admitted to practice must sign the roll of attorneys kept by the Clerk of the Montana Supreme Court, sign the attorney ethics oath, and recite an oath prescribed by the Montana Supreme Court.

A successful applicant may petition the Montana Supreme Court for permission to take the oath before an authorized judge in another jurisdiction. The oath also may be administered by the Clerk of the Montana Supreme Court or any district judge in the state of Montana.

Fees collected prior to admission are:

1. State of Montana license tax;

2. State Bar of Montana dues; and

3. fees of the Office of Disciplinary Counsel and the Lawyers' Fund for Client Protection.

## VII. ADMINISTRATION

A. The Montana Supreme Court is the final authority as to whether and under what circumstances an applicant may be admitted to practice law in Montana. The Court may, under circumstances it deems sufficient, waive any requirement under these rules.

B. All commissions, committees, boards, and their members and personnel, including personnel and employees of the State Bar of Montana, acting on behalf of the Montana Supreme Court under these Rules, shall enjoy such judicial immunity as the Montana Supreme Court would have if performing the same functions. Records, statements of opinion, and other information regarding an applicant for admission to the bar communicated in good faith and without malice by any entity, including any person, firm or institution, to any commission, committee, or board involved in the admissions process, including its members, employees, or agents, are privileged and no evidence thereof is admissible in any

15

lawsuit. Waiver, if any, of such privilege by voluntary disclosure shall be determined under Rule 503, Mont. R. Evid.

**C.** The Executive Director of the State Bar shall appoint a Bar Admissions Administrator, who shall be administratively attached to the State Bar of Montana.

**D.** The Bar Admissions Administrator, the Dean of the University of Montana School of Law, and the chairs of the Board of Bar Examiners and the Commission on Character and Fitness shall each submit an annual report to the Montana Supreme Court on bar admissions and may submit recommendations for rule revisions when necessary.

**E.** The Montana Supreme Court shall set the fees for the bar admission process.

**F.** The Montana Supreme Court Clerk's Office may not accept petitions concerning character and fitness, the Montana bar examination, or admission to the State Bar of Montana unless the petitioner includes a certificate of service showing that a copy of the petition has been properly served upon the Bar Admissions Administrator at the State Bar of Montana. Petitions requesting permission to be sworn in before another court are excepted from this rule.